TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, Arizona 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Matthew Burkett

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Burkett, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| CitiGroup, Inc.; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Matthew Burkett, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Matthew Burkett (hereafter "Plaintiff"), is an adult individual residing at 2103 East Cedar Street, Tempe, Arizona 85281, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, CitiGroup, Inc. (hereafter "CitiGroup"), is a company with an address of One Court Square, 45th Floor, Long Island City, New York 11120, and is a "person" as the term is defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by CitiGroup and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

2

7. CitiGroup at all times acted by and through one or more of the Agents.

## FACTS

8. Beginning in or around December of 2013, CitiGroup contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

9. When Plaintiff answered the calls from CitiGroup, he heard a prerecorded message.

10. Plaintiff never provided his cellular telephone number to CitiGroup and never provided his consent to CitiGroup to be contacted on his cellular telephone.

11. Following the initial communication, CitiGroup called Plaintiff at the harassing rate of approximately four (4) times a day.

12. In January of 2014, Plaintiff repeatedly asked CitiGroup to cease calling his cellular telephone; however, CitiGroup continued to place dozens of automated calls to Plaintiff.

13. In February of 2014, Plaintiff again asked CitiGroup to cease calling his cellular telephone. Again, despite Plaintiff's unequivocal request, CitiGroup continued to place dozens of automated calls to Plaintiff.

14. The telephone number called by CitiGroup was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

15. The calls from CitiGroup to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –

## 47 U.S.C. § 227, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein

17. CitiGroup contacted Plaintiff on his cellular telephone by using an automatic telephone dialing system and/or by using a prerecorded or artificial message in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

18. Plaintiff never provided his cellular telephone number to CitiGroup and never provided his consent to be contacted on his cellular telephone.

19. Without Plaintiff's consent and over his objection, CitiGroup contacted Plaintiff by using an automatic telephone dialing system and/or by using a prerecorded or artificial voice on his cellular telephone in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20. Each of the aforementioned calls made by CitiGroup constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

21. As a result of CitiGroup's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each of Citibank's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

25. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Arizona state law.

26. The Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above referenced telephone calls, even after Plaintiff repeatedly asked Defendant to cease calling him.

27. The telephone calls made by Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

28. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

29. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

30. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

    B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

    C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: March 12, 2014                LEMBERG & ASSOCIATES, LLC


By: */s/  Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff,
Matthew Burkett